IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STORE CAPITAL ACQUISITIONS, LLC,
a Delaware limited liability company, and
STORE MASTER FUNDING XIII, LLC, a   Case No. 2:19-cv-685
Delaware limited liability company,

       Plaintiffs,

  v.

5171 CAMPBELLS LAND CO., INC., a
Pennsylvania corporation, WILLIAM
KANE, FRANK KANE, and RON
LINABURG,

       Defendants.

**JURY TRIAL DEMANDED.**

## ANSWER WITH AFFIRMATIVE DEFENSES

**AND NOW**, comes Defendant William Kane (hereinafter "Defendant" or "Answering Defendant") by and through his undersigned counsel, and hereby files this Answer with Affirmative Defenses, and in support thereof, avers as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1 and as such the same are denied.

2. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and as such the same are denied.

3. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and as such the same are denied.

4. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 4 and as such the same are denied.

5. Admitted.

6. Admitted.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 7 and as such the same are denied.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8 and as such the same are denied.

9. The averments of Paragraph 9 constitute a conclusion of law to which no response is required.

10. The averments of Paragraph 10 constitute a conclusion of law to which no response is required.

11. The averments of Paragraph 11 constitute a conclusion of law to which no response is required.

12. The averments of Paragraph 12 constitute a conclusion of law to which no response is required.

## **GENERAL ALLEGATIONS**

**A. The Mortgage Loan Agreement an Promissory Note**

13. The averments of Paragraph 13 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 13 relate to a Mortgage Loan Agreement (the "Loan Agreement"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 13 are inconsistent with or go beyond the scope of the written terms of the Loan Agreement, the averments of Paragraph 13 are denied.

14. The averments of Paragraph 14 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 14 relate to a Promissory Note (the "Note"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 14 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 14 are denied.

15. The averments of Paragraph 15 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 15 are denied. Defendant is without knowledge or insight as to why STORE Capital made the alleged loan and as such it is denied that STORE Capital made the loan to 5171 for the sole purpose of enabling 5171 to refinance existing debt.

16. The averments of Paragraph 16 relate to the Loan Agreement, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 16 are inconsistent with or go beyond the scope of the written terms of the Loan Agreement, the averments of Paragraph 16 are denied. Further, the "other loan documents" referenced are not attached or described, rendering Defendant unable to respond.

17. The averments of Paragraph 17 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 17 are

inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 17 are denied.

18. The averments of Paragraph 18 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 18 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 18 are denied.

19. The averments of Paragraph 19 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 19 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 19 are denied.

20. The averments of Paragraph 20 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 20 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 20 are denied.

21. The averments of Paragraph 21 relate to the Loan Agreement, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 21 are inconsistent with or go beyond the scope of the written terms of the Loan Agreement, the averments of Paragraph 21 are denied.

22. The averments of Paragraph 22 relate to the Loan Agreement, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 22 are inconsistent with or go beyond the scope of the written terms of the Loan Agreement, the averments of Paragraph 22 are denied. Further, the "other Loan Document", the "Leases", and the "Other Agreements" referenced are not attached or described, rendering Defendant unable to respond.

23. The averments of Paragraph 23 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 23 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 23 are denied.

24. The averments of Paragraph 24 relate to the Note, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 24 are inconsistent with or go beyond the scope of the written terms of the Note, the averments of Paragraph 24 are denied. Further, the "Loan Documents", and the "Other Agreements" referenced are not attached or described, rendering Defendant unable to respond.

25. The averments of Paragraph 25 relate to a party other than Answering Defendant and thus no response is required.

26. The averments of Paragraph 26 relate to a Guaranty of Payment and Performance (the "April Guaranty"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is

required. To the extent the averments of Paragraph 26 are inconsistent with or go beyond the scope of the written terms of the April Guaranty, the averments of Paragraph 26 are denied.

**B. The Master Lease**

27. The averments of Paragraph 27 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 27 relate to a Master Lease Agreement (the "Lease"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 27 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 27 are denied.

28. The averments of Paragraph 28 relate to a party other than Answering Defendant and thus no response is required. By way of further answer, 5171 Campbells Land Co., Inc. (hereinafter "5171") is no longer in possession of the Master Lease Properties.

29. The averments of Paragraph 29 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 29 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 29 are denied.

30. The averments of Paragraph 30 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 30 are

inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 30 are denied.

31. The averments of Paragraph 31 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 31 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 31 are denied. Further, the "Transaction Documents or any Other Agreement" referenced are not attached or described, rendering Defendant unable to respond.

32. The averments of Paragraph 32 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 32 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 32 are denied.

33. The averments of Paragraph 33 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 33 relate to a Letter of Credit, which is not attached, but is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. The Letter of Credit is not attached to the Complaint and, thus, Defendant is without sufficient knowledge or information to respond. To the extent the averments of Paragraph 33 are inconsistent with or go beyond the scope of the written terms of the Letter of Credit, the averments of Paragraph 33 are denied. Additionally, upon information and belief, STORE Master has been paid under the Letter of Credit.

Thus, to the extent that Answering Defendant is found liable to Plaintiffs for any monetary damages, Answering Defendant is entitled to a credit in the amount of the Letter of Credit.

34. The averments of Paragraph 34 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 34 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 34 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 34 are denied. Additionally, $2,250,000.00 of the Security Deposit has been turned over to Plaintiffs pursuant to a Settlement Agreement with 5171, which Settlement Agreement was approved by the United States Bankruptcy Court for the Western District of Pennsylvania at Docket No. 19-22715. Thus, to extent that Answering Defendant is found liable to Plaintiffs for any monetary damages, Answering Defendant is entitled to a credit in the amount of the Letter of Credit.

35. The averments of Paragraph 35 relate to the Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 35 are inconsistent with or go beyond the scope of the written terms of the Lease, the averments of Paragraph 35 are denied.

36. The averments of Paragraph 36 relate to a Guaranty of Payment and Performance (the "February Guaranty"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is

required. To the extent the averments of Paragraph 36 are inconsistent with or go beyond the scope of the written terms of the February Guaranty, the averments of Paragraph 36 are denied. Additionally, the February Guaranty is executed in favor of STORE Capital. However, STORE Capital is not a party to the Master Lease and thus has not suffered damages as a result of 5171's alleged default of the Master Lease. Accordingly, STORE Capital lacks standing.

### C. The Individual Leases

37. The averments of Paragraph 37 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 37 relate to lease agreements (the "Individual Leases"), which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 37 are inconsistent with or go beyond the scope of the written terms of the Individual Leases, the averments of Paragraph 37 are denied.

38. The averments of Paragraph 38 relate to a party other than Answering Defendant and thus no response is required.

39. The averments of Paragraph 39 relate to the Lease and the Individual Leases, both of which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 39 are inconsistent with or go beyond the scope of the written terms of the Individual Leases, the averments of Paragraph 39 are denied.

40. The averments of Paragraph 40 relate to the Individual Leases, which are written documents, the plain language of which speaks for itself and the interpretation of which

is a conclusion of law to which no response is required. To the extent the averments of Paragraph 40 are inconsistent with or go beyond the scope of the written terms of the Individual Leases, the averments of Paragraph 10 are denied. Any remaining averments of Paragraph 40 are conclusions of law to which no response is required.

41. The averments of Paragraph 41 relate to a Guaranty of Payment and Performance related to each Individual Lease (the "February Individual Guarantees"), which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 41 are inconsistent with or go beyond the scope of the written terms of the February Individual Guarantees, the averments of Paragraph 41 are denied.

**D. 5171 Campbells Land Co., Inc.'s Default**

42. The averments of Paragraph 42 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 42 are conclusions of law to which no response is required. To the extent a response may be necessary, the averments of Paragraph 42 are denied.

43. The averments of Paragraph 43 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 43 are conclusions of law to which no response is required. To the extent a response may be necessary, the averments of Paragraph 43 are denied.

44. The averments of Paragraph 44 relate to a Notice of Default and Demand for Payment (the "Notice of Default"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 44 are inconsistent with or

go beyond the scope of the written terms of the Notice of Default, the averments of Paragraph 44 are denied.

45. The averments of Paragraph 45 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 45 are conclusions of law to which no response is required.

46. The averments of Paragraph 46 relate to a Notice of Continuing Default and Renewed Demand for Payment (the "Notice of Continuing Default"), which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. To the extent the averments of Paragraph 46 are inconsistent with or go beyond the scope of the written terms of the Notice of Continuing Default, the averments of Paragraph 46 are denied.

47. The averments of Paragraph 47 are conclusions of law to which no response is required. To the extent a response may be deemed necessary, the averments of Paragraph 47 are denied.

48. The averments of Paragraph 48 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 48 relate to the Loan Agreement, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law for which no response is required.

49. The averments of Paragraph 49 relate to a party other than Answering Defendant and thus no response is required.

# COUNT ONE – BREACH OF CONTRACT – LOAN AGREEMENT AND NOTE (5171 CAMPBELLS LAND CO., INC.)

50. Defendant hereby incorporates by reference Paragraphs 1 through 49 of this Answer as though the same were more fully set forth herein.

51. The averments of Paragraph 51 relate to a party other than Answering Defendant and thus no response is required.

52. The averments of Paragraph 52 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 52 are conclusions of law to which no response is required.

53. The averments of Paragraph 53 relate to a party other than Answering Defendant and thus no response is required.

54. The averments of Paragraph 54 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 54 are conclusions of law to which no response is required.

55. The averments of Paragraph 55 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 55 are conclusions of law to which no response is required.

56. The averments of Paragraph 56 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 56 are conclusions of law to which no response is required.

57. The averments of Paragraph 57 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 57 are conclusions of law to which no response is required.

58. The averments of Paragraph 58 relate to the Loan Agreement and the Note, both of which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required.

## COUNT TWO – BREACH OF CONTRACT – MASTER LEASE AGREEMENT (5171 CAMPBELLS LAND CO., INC.)

59. Defendant hereby incorporates by reference Paragraphs 1 through 58 of this Answer as though the same were more fully set forth herein.

60. The averments of Paragraph 60 relate to a party other than Answering Defendant and thus no response is required. By way of further answer, 5171 is no longer in possession of any of the Master Lease Properties.

61. The averments of Paragraph 61 are conclusions of law to which no response is required. By way of further response, the averments of Paragraph 61 are denied.

62. The averments of Paragraph 62 relate to the Master Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required.

63. The averments of Paragraph 63 relate to a party other than Answering Defendant and thus no response is required.

64. The averments of Paragraph 64 related to a party other than Answering Defendants and thus no answer is required. By way of further response, the averments of Paragraph 64 are conclusions of law to which no response is required.

65. The averments of Paragraph 65 relate to a party other than Answering Defendant and thus no response is required.

66. The averments of Paragraph 66 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 66 are conclusions of law to which no response is required.

67. The averments of Paragraph 67 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 67 are conclusions of law to which no response is required.

68. The averments of Paragraph 68 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 68 are conclusions of law to which no response is required.

69. The averments of Paragraph 69 are conclusions of law to which no response is required. By way of further response, the averments of Paragraph 69 are denied.

70. The averments of Paragraph 70 relate to the Master Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. By way of further response, the averments of Paragraph 70 are conclusions of law to which no response is required.

**COUNT THREE – BREACH OF CONTRACT – INDIVIDUAL LEASE AGREEMENTS
(5171 CAMPBELLS LAND CO., INC.)**

71. Defendant hereby incorporates by reference Paragraphs 1 through 70 of this Answer as though the same were more fully set forth herein.

72. The averments of Paragraph 72 relate to a party other than Answering Defendant and thus no response is required.

73. The averments of Paragraph 73 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 73 are conclusions of law to which no response is required.

74. The averments of Paragraph 74 relate to the Individual Leases, which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required,

75. The averments of Paragraph 75 relate to a party other than Answering Defendant and thus no response is required.

76. The averments of Paragraph 76 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 76 are conclusions of law to which no response is required.

77. The averments of Paragraph 77 relate to a party other than Answering Defendant and thus no response is required.

78. The averments of Paragraph 78 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 78 are conclusions of law to which no response is required.

79. The averments of Paragraph 79 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 79 are conclusions of law to which no response is required.

80. The averments of Paragraph 80 relate to a party other than Answering Defendant and thus no response is required. By way of further response, the averments of Paragraph 80 are conclusions of law to which no response is required.

81. The averments of Paragraph 81 relate to a party other than Answering Defendant. By way of further response, the averments of Paragraph 81 are conclusions of law to which no response is required. Additionally, the averments of Paragraph 81 are denied.

82. The averments of Paragraph 82 relate to a party other than Answering Defendant. By way of further response, the averments of Paragraph 82 relate to the Master Lease, which is a written document, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. Additionally, the averments of Paragraph 82 are conclusions of law to which no response is required.

**COUNT FOUR – BREACH OF CONTRACT – GUARANTEES (GUARANTORS)**

83. Defendant hereby incorporates by reference Paragraphs 1 through 82 of this Answer as though the same were more fully set forth herein.

84. The averments of Paragraph 84 relate to the Guaranty and Individual Guarantees, all of which are written documents, the plain language of which speaks for itself and the interpretation of which is a conclusion of law to which no response is required. Any averments of Paragraph 84 that go beyond the scope of the Guarantees, or are inconsistent with the terms therein, are denied.

85. The averments of Paragraph 85 are conclusions of law to which no response is required. By way of further response, Answering Defendant believes and therefore avers that all Guarantees related to Defendant Linaburg have been discharged.

86. The averments of Paragraph 86 are conclusions of law to which no response is required. By way of further response, Answering Defendant is unable to answer as the allegations regarding "due notice" lack specificity.

87. The averments of Paragraph 87 are conclusions of law to which no response is required. By way of further response, the averments of Paragraph 87 are denied.

88. The averments of Paragraph 88 are conclusions of law to which no response is required. By way of further response, the averments of Paragraph 87 are denied.

89. The averments of Paragraph 89 are conclusions of law to which no response is required. By way of further response, the averments of paragraph 89 are denied.

90. The averments of Paragraph 90 are conclusions of law to which no response is required. By way of further response, the averments of Paragraph 90 are denied.

91. The averments of Paragraph 91 are denied as stated. Defendant is without sufficient knowledge or information to know what Plaintiffs were compelled or not compelled to do, and thus the same are denied.

92. The averments of Paragraph 91 are conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

93. Defendant hereby incorporates by reference Paragraphs 1 through 92 as though the same were more fully set forth herein.

94. Plaintiff STORE Capital is barred from seeking damages related to the Master Lease as STORE Capital is not a party to the Master Lease.

95. Plaintiff STORE Master is barred from seeking damages related to the Master Lease against any of the Guarantors as STORE Master is not a Party to the February 12, 2018 Unconditional Guaranty of Payment and Performance.

96. Plaintiffs lack standing to seek damages related to the Master Lease from Answering Defendant.

97. Plaintiffs' claims against Answering Defendant related to the Master Lease are barred due to a lack of privity.

98. Plaintiffs have failed to state a claim for which relief can be granted.

99. Pursuant to the Mortgage Loan Agreement and Promissory Note, Plaintiffs were to record mortgages against three (3) properties: 19 Greenville Plaza, Greenville, PA 16125; 3334 Wilmington Road, New Castle, PA 16105; and 3870 Elm Road, NE Warren, OH 44483.

100. Plaintiffs failed to record mortgages against the aforementioned three (3) properties, which failure constitutes an impairment of collateral.

101. As a result of said impairment of collateral, the Guarantors are not liable for any obligations related to the Mortgage Loan Agreement and Promissory Note.

102. Upon information and belief, Plaintiffs have entered into a settlement and release with Defendant Ronald Linaburg.

103. Said settlement and release operates to discharge Answering Defendant for all asserted liability as Answering Defendant is a co-guarantor.

104. Upon information and belief, Plaintiffs have entered into new leases for at least thirteen (13) of the properties subject to the Master Lease and the Individual Leases.

105. As a result, Plaintiffs are barred from seeking damages related to those thirteen (13) properties and are further barred from seeking damages related to any additional properties that have been re-leased.

106. Plaintiffs' claims are barred due to a failure to mitigate damages.

107. To the extent Answering Defendant is found liable for monetary damages, Answering Defendant is entitled to a credit for the Security Deposit, Letter of Credit and all other sums or property received by Plaintiffs from 5171 or Defendant Ronald Linaburg related to the alleged debts owed to Plaintiffs.

108. Plaintiffs' claims are barred for failing to adequately plead damages.

109. Plaintiffs' claims are barred under the doctrine of estoppel.

WHEREFORE, Defendant respectfully requests that judgment be entered in his favor and against Plaintiffs.

Respectfully submitted,

__/s/ Robert O Lampl___

Dennis M. Blackwell
PA I.D. #61040
The Blackwell Law Firm
Benedum Trees Building, Floor 9
223 Fourth Avenue
Pittsburgh, PA 15222
(412) 391-5299

and

Robert O Lampl
PA I.D. #19809
James R. Cooney
PA I.D. #32706
David L. Fuchs
PA I.D. # 205694
Ryan J. Cooney
PA I.D. #319213
Sy O. Lampl
PA I.D. #324741
Benedum Trees Building, Floor 4
223 Fourth Avenue
Fourth Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)

*Counsel for Defendant William Kane*

# CERTIFICATE OF SERVICE

I, Robert O Lampl, hereby certify that on the 11th day of November, 2019, a true and correct copy of the within **ANSWER WITH AFFIRMATIVE DEFENSES** was served via electronic service upon the following:

Jenny N. Perkins, Esq.
Craig Solomon Ganz, Esq.
Clifford Sacalis, Esq.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
*Counsel for Plaintiffs*

Michael DiGiacomo, Esq.
Ian Bucon, Esq.
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Counsel for Plaintiffs*

Respectfully submitted,

__/s/ Robert O Lampl___
Robert O Lampl
PA I.D. #19809